No. 2609.

## CESARIO CORTEZ *v.* THE STATE.

THEFT—CONSPIRACY—EVIDENCE.—It is a general rule of evidence that the acts or declarations of a conspirator will not be admitted in evidence against his co-conspirator unless they were done or made pending the conspiracy, and were in furtherance of the common design. See the opinion in extenso on the question, and for a case in which the declarations of a co-conspirator were, under the rule announced, improperly admitted against the accused.

APPEAL from the District Court of Webb. Tried below before the Hon. J. C. Russell.

The conviction in this case was for the theft of a beef, the property of McDowell & Sheldon, and the penalty assessed was a term of two years in the penitentiary.

The opinion succinctly but fully states the case.

No brief for the appellant has reached the Reporters.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for theft of a beef steer. The facts, condensed, are these: McDowell & Sheldon owned a certain stag beef about nine years old, which ranged in Encinal county. Said beef was driven to the Tauquecillas ranch in Encinal county by Esteban Cortez. The State's witness, Prajedes Vaca, states that he knew defendant and his brother Esteban; that the beef was killed at his pens. The night before it was killed Esteban Cortez and Cesario, defendant, arrived at his ranch about the same time, Cesario arriving about seven or eight o'clock and Esteban afterwards, about nine o'clock, and the next morning he saw the beef in the pen. Cesario arrived on horseback, immediately came into the the house and laid down, complaining of severe pains in his stomach and head; he remained in bed very sick for four days. When he, Cesario, came to witness's house he was alone. The witness saw no beef with him. Cesario said nothing except to complain of his head and stomach,

and was in bed when the beef was killed. On the second day, when his mother came after him, he was put in the wagon along with the slaughtered beef, and he and his mother and his brother Esteban, and the meat, all left for Laredo. When placed in the wagon defendant was out of his head. Faustino Vaca states that he was at the ranch on the night when the beef was brought there, and that it was after dark; they all, that is Esteban, defendant and the beef, arrived together. This witness also states that he did not know of anything connecting defendant with the beef, except what Esteban told him.

Now, stating the case most strongly against defendant, it would be this: that a beef steer was stolen. Defendant and his brother drove this steer up to the ranch of Vaca at night and two days afterwards his brother slaughtered the beef, placed the meat in a wagon with defendant and his mother (defendant being out of his mind), and left the ranch for Laredo. The theory of the State was that defendant and his brother had entered into a conspiracy to steal the beef, slaughter the same and carry the meat to Laredo. In the absence of defendant, Esteban Cortez told Vaca and Davolino that defendant had been hooked and thrown from his horse by the beef while he was helping him (Esteban Cortez) to lasso the beef; that to save himself defendant had to shoot the beef twice, and that this was how defendant came to be hurt. Appellant was not present when the beef was slaughtered, nor did he have anything to do with placing the meat in the wagon; his only connection with the beef, if connected at all, being that he and his brother drove it to the ranch at night.

Was this fact sufficient to show prima facie a conspiracy, not only to steal, but to slaughter and take the meat to Laredo? We think not. The conspiracy was at an end, if there was a conspiracy at all, when the beef was driven to Vaca's ranch and the defendant left it and went into the house. This being the case, the declarations of his brother, Esteban Cortez, were clearly inadmissible.

But let us concede that proof of conspiracy was made, and that the conspiracy was pending, not consummated, when Esteban made the declarations. Were they admissible against his co-conspirator, the defendant? After giving this subject a thorough investigation, we must answer the question in the negative. "The principle upon which the acts and declarations of one conspirator are admitted in evidence against the person prosecuted

is that, by the act of conspiracy together, the conspirators have jointly assumed to themselves, as a body, the attribute of individuality, so far as regards the prosecution of the common design; thus rendering whatever is done or said by any one in furtherance of that design a part of the res gestæ, and therefore the act of all." (3 Greenl. Ev., 94.)  It will be seen from this author that only the declarations which are made during the conspiracy and in furtherance of its object are admissible.  Declarations which are merely narrations of fact are to be rejected. (United States v. Gonerell, 8 Crim. Law Mag., 614.)  Applying this rule to this case before us, we find that the declarations of Esteban Cortez were not in furtherance of the common design, but simply a narrative of past events.  They are not of the res gestæ of the conspiracy and are hearsay merely.

The conspiracy being at an end—consummated—why are not the declarations of a co-conspirator admissible as well as if made during the pendency of the conspiracy?  Simply because the declarations can not be more nor less than narratives of past events.  They can not further the common design, because there is no common design to further.  Now, the principle is the same whether the conspiracy be ended or pending.  To be admissible, the declaration must not be a narration of past events, but must be in furtherance of the common design.  This is the rule laid down by an almost unbroken line of authority.  But a narrative of past events may be in furtherance of the common design, and hence admissible.  Illustration: A will perform the part allotted to him when B shall do a certain thing to be performed by him. B acts, does that which is required of him, and writes to or verbally informs A that the thing has been done.  This is a narrative of a past event, but it is also in furtherance of the common design, and hence admissible.  The general rule is that to be admissible the conspiracy must be pending, and the acts or declarations must be in furtherance of the conspiracy—the common design. (Phillips's Ev., 200 and 201; 2 Starkie's Ev., 326; 24 State Trials, 704.)

The declarations of Esteban Cortez being inadmissible, the case was one of circumstantial evidence alone; if admissible, it was not.  There was no error in treating, in the charge, the case as one of direct evidence, but the error consisted in admitting in evidence the declarations of Esteban Cortez.  The judgment is reversed and the cause remanded.     *Reversed and remanded.*

Opinion delivered December 16, 1887.