### F. M. Dungan v. The State.

No. 1643. Decided March 23, 1898.

**1. Conspiracy—Evidence of Statements and Declarations of One Conspirator Against Another.**

To render the statements and declarations of one coconspirator admissible in evidence against another, it is essential: 1. That the conspiracy be shown. 2. That it was then pending, its object not having been consummated. 3. That such act or declaration must be in furtherance of the common design.

**2. Same.**

Where there is testimony tending to show a conspiracy, it is immaterial that proof of the statements and declarations of a coconspirator were made before or after the admission of such testimony. Such statements and declarations are admissible if they are made before the object of the conspiracy was consummated; but if made in the absence of the defendant, or not in his hearing, they are only admissible if they were in furtherance of said object or common purpose.

**3. Same—Theft of Cattle.**

On a trial for theft of cattle, where it appears that the cattle were taken in pursuance of a conspiracy between defendant and one W., and the State proved by one H. that prior to the alleged theft he had a conversation, in the absence of defendant, with W., in which W. stated that the cattle belonged to defendant, who did not wish it known that he owned them for fear a judgment creditor might give him some trouble; Held, that this testimony was inadmissible, because it was not an act or thing done, or statement made in furtherance of the conspiracy to steal the cattle.

**4. Wife of a Codefendant as a Witness.**

Where a husband is under indictment for the same offense for which defendant is on trial, and the case is still pending against the husband and he has not testified in the case, his wife is not a competent witness in behalf of the State against the defendant on trial.

APPEAL from the District Court of Rains. Tried below before Hon. HOWARD TEMPLETON.

Appeal from a conviction for cattle theft; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with the theft, on or about the 24th day of February, 1897, of one head of cattle, the same being an estray, and the corporeal personal property of some one to the grand jurors unknown.

The following additional statement, which is substantially correct, is taken from appellant's brief, viz:

At the March term, 1897, of the District Court of Rains County, Texas, appellant and one A. F. Williams were separately indicted in two cases each charging them, first, with the theft of estray cattle; and second, with the theft of cattle the property of one J. R. Scott. All the indictments charge the various takings at the same time. On the 9th day of December, 1897, the indictments against this appellant were dismissed, and two other indictments were filed against him, charging him as before with the theft of estray cattle, and also the theft of cattle the property of one J. R. Scott. On the 8th day of December, 1897, A. F. Williams was placed upon trial, charged with the theft of estray cattle, which resulted in his conviction. Williams filed a motion for a new trial on the

11th of December, 1897, and on the 16th of December said motion was overruled. Williams excepted to the action of the court in overruling his motion for a new trial in said cause, and his appeal is now pending.

On the 15th of December, 1897, this appellant was placed upon trial for the theft of the same cattle as were involved in the Williams case (the State claiming that appellant and Williams acted together), and the result of appellant's trial resulted in his conviction, from which this appeal is prosecuted. On the trial of appellant the State placed Mrs. A. F. Williams on the stand as a witness for the State, and she testified against this defendant over his objections, she being the wife of the aforementioned A. F. Williams, who was indicted, as before stated, for the theft of the same cattle, and her testimony tended to incriminate both this appellant and her husband.

*McMahan & Rodes* and *Bennett & Thornton,* for appellant.—The court erred in allowing the State to prove by P. G. Holbert that one Antney Williams told him, Holbert, that the cattle in controversy belonged to this defendant, and that defendant desired that fact concealed, defendant not being present and not hearing said conversation, and not being in a position to either affirm or deny the same. At that time no conspiracy to steal had been proven, and no offense had been committed. The defendant excepted to the action of the court in overruling his objections to this testimony.

The record shows that this witness, Holbert, had bought the cattle at the time that Williams made the statement here complained of, but the cattle had not been delivered; and that he bought them from the man Williams, and that defendant was not known in the matter. When Williams sold the cattle to Holbert he agreed to have them put in a pen at defendant's house, but when he got to defendant's house the cattle were not up, but defendant was at home and at work "grubbing." Holbert, the purchaser of the cattle, asked defendant to go with them (with himself and Williams, the man from whom he, Holbert, had bought the cattle) to look for and pen the cattle, but defendant refused. Holbert insisted that the defendant go and help them, which he finally did, and while they were looking for the cattle, under these circumstances, Williams volunteered the statement here objected to. The court explains this bill by saying that he admitted the evidence and then instructed the jury not to consider it unless they found that there was a conspiracy "between Williams" to steal the cattle.

"Conversations, statements, and acts of third persons, had, made, and performed in the absence of the defendant, are not admissible in evidence against him." Chumlee's Case, 20 Texas Crim. App., 547; Fuller's Case, 19 Texas Crim. App., 380; Segura's Case, 16 Texas Crim. App., 221. The foregoing authorities show the inadmissibility of the objectionable testimony complained of, on the theory that it is hearsay, pure and simple.

The court erred in permitting Mrs. A. F. Williams to testify against this defendant, the State proving by her very serious incriminating facts against him, she being the wife of A. F. Williams, who stood charged at that time in the same court with the same offense with which this defendant stands charged, and the cases of her husband, A. F. Williams, being still pending and undisposed of at the time she testified against this defendant.

The husband and wife may, in all criminal actions, be witnesses for each other, but they shall in no case testify against each other, except in a criminal prosecution for an offense committed by one against the other. Code Crim. Proc., art. 735.

The inhibition also extends to a joint offender, and where two persons are charged with the same criminal act, the spouse of one can not be used as a witness against the other as long as the prosecution is pending against both, and in a case where the State has fallen into the error of requiring the spouse of one to testify against a codefendant (the prosecution against her husband being still undisposed of at the time she testifies), it will not cure the error to dismiss the prosecution against the husband of the witness after the witness has testified. Dills' Case, 1 Texas Crim. App., 278. It is very evident that lawmakers intended to emphasize the rule at common law on this subject. Willson's Crim. Stats., art. 725; Roscoe's Crim. Ev., secs. 116, 117; Whart. Crim. Law, sec. 767; 1 Greenl. on Ev., secs. 335, 340.

*Mann Trice,* Assistant Attorney-General, and *W. W. Walling,* for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of cattle, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

It appears from the State's testimony that the cattle alleged to have been stolen were taken in pursuance of a conspiracy between A. F. Williams and appellant, Dungan. On the trial the State introduced P. J. Holbert, who testified that some time in January or February, 1897, prior to the alleged theft, he had a conversation with one A. F. Williams, and that in said conversation said A. F. Willams stated that the cattle belonged to the defendant, and that defendant did not desire it known for fear Mr. Hudson, who had a judgment against defendant, would give him some trouble. This testimony was objected to—first, because defendant was not present nor in the hearing of said conversation; second, because the State had not proven the conspiracy between the defendant and A. F. Williams to commit the offense of theft; third, because said testimony was hearsay, incompetent, irrelevant, and immaterial, and could not be used to bind this defendant. In explanation of this bill, the court states that at the time said statement was made the parties, including the defendant, were going after the cattle, and that he instructed the jury not to consider the evidence unless they found there was a con-

spiracy between Williams to steal the cattle. (We presume the court meant by this between Williams and the appellant. The bill, however, does not state.) On recurring to the charge of the court, we fail to find any such instruction. We understand the rule on the admission in evidence of statements or declarations of one conspirator as against another to be—first, that the conspiracy must be shown; second, that the conspiracy is then pending, its object not having been consummated; third, that such act or declaration must be in furtherance of the common design. There is no question that there was testimony tending to show a conspiracy between Williams and appellant to steal the cattle, and it is immaterial whether this proof was made prior or subsequent to the admission of said evidence. It is also evident that said statement of Williams was made before the object of the conspiracy—that is, the theft of the cattle—was consummated. As stated by the judge, the parties were then en route for the purpose of taking the cattle. The statement of Williams, however, was made not in the hearing of the appellant, and therefore this testimony, if admissible at all, was only admissible as a declaration or act of a coconspirator pending the conspiracy, and in furtherance thereof. By "furtherance" we understand that the act or declaration must in some measure be in aid of the purpose of the conspiracy, which in this instance was the theft of the cattle. Now, how can it be said that the statement in question was in aid of the theft of said cattle? According to our view, it was merely the statement of the desire of appellant that his connection with the cattle or their taking should be kept secret. It was not even the statement of any language used by the appellant, but, as far as we are advised, it may have been a mere inference on the part of Williams that appellant did not wish to be known in connection with the taking of said cattle. If it is regarded as an expression of appellant made to Williams on the subject, it certainly related to some statement or expression made by appellant to Williams on a former occasion, and was the statement of a past matter. At any rate, we fail to see how the statement made was any act or thing done in furtherance of the conspiracy to steal said cattle, and we accordingly hold that said testimony was not admissible. It was material, because it appears that the State encountered some difficulty in connecting appellant with the fraudulent taking of the cattle, and this testimony was doubtless used by the jury for the purpose of connecting him with said fraudulent taking. See Cortez v. State, 24 Texas Crim. App., 511.

Appellant's second bill of exception raises the question as to the admissibility of the testimony of Mrs. A. F. Williams as a witness on behalf of the State. It appears from said bill, in connection with the explanation of the judge, that A. F. Williams (the husband of Mrs. A. F. Williams) was indicted in two separate bills for the theft of the same cattle charged against the appellant in this case; it being shown that three head of cattle were taken at the same time,—two being estrays and one the property of J. R. Scott. Williams had been tried in one of said

cases, and convicted. The sentence, however, had not been passed upon him, and he is shown to have taken an appeal, which is still pending. The other case against Williams was still pending. The bill shows, however, that it has since been dismissed. With regard to this bill, in our opinion, we would state it merely certifies that the State proved by Mrs. Wiliams a number of criminative facts. These facts are not shown. The statement in the bill is a mere conclusion. The judge may or may not have been correct in his legal conclusion as to the character of the facts proven. The bill should have contained these facts, in order that, reviewing the entire record, we might say whether or not they were of an inculpatory character. If it be conceded that the bill is sufficient, we are inclined to the opinion that, under the peculiar attitude of the case as against the husband of Mrs. Williams, she was not at the time she was placed on the stand a competent witness for the State. The cases were still pending against her husband. It is true, if her husband had been willing to testify for the State, he might have been introduced. But we take it that where the husband is under indictment with the co-defendant, who is an alleged principal in the offense, and the case is still pending against the husband, and he had not been introduced as a witness by the State, the wife is not a competent witness. See Bluman v. State, 33 Texas Crim. Rep., 43.

It is not necessary to discuss the other matters assigned as error, as they are not likely to occur on another trial of the case. The judgment is reversed and the cause remanded.

*Reversed and remanded.*