Joe Sidney WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 920–89.

Court of Criminal Appeals of Texas, En Banc.

June 6, 1990.

Walter M. Reaves, Jr., West, for appellant.

Paul E. Gartner, Jr., Dist. Atty., and Tanya Boyce Dahoney, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the offense of capital murder and his punishment was assessed at life imprisonment. Article 37.-071(e), V.A.C.C.P. The Waco Court of Appeals affirmed the conviction in an unpublished opinion. *Williams v. State*, (Tex. App.—Waco, No. 10–87–196–CR, delivered April 6, 1989).

Appellant contended on appeal, *inter alia*, that the trial court erred in admitting over his objection testimony of an out-of-court declaration made by his alleged accomplice implicating appellant in the offense. He argued the declaration cannot be viewed as having been made "in furtherance of the conspiracy" as required by Tex.R.Crim.Evid, Rule 801(e)(2)(E). Holding simply that the accomplice's declaration was made "during the course of the conspiracy[,]" the court of appeals summarily rejected appellant's contention. In his petition for discretionary review appellant now complains he has not been afforded his full right to appeal. We granted the petition under Tex.R.App.Pro., Rule 200(c)(6), and will remand for further consideration by the court of appeals.

The court of appeals' entire treatment of appellant's contention appears below:

"Juanita White was found dead in her home, beaten and raped, on the morning of March 2, 1986. The front door of her house had been kicked in. She had returned home from work about 10:00 p.m. on March 1, 1986. The jury was charged under the law of parties, it being alleged that defendant either acting alone or as a party with Calvin Washington, while committing burglary or aggravated sexu-

al assault on Mrs. White, intentionally caused her death by beating her with a blunt instrument or strangling or smothering her. There was evidence defendant and Washington were in possession of the deceased's car on the morning of March 2, 1986; that Washington was overheard to state that defendant had bitten the deceased and why; that defendant told several witnesses he had committed the burglary; and that the bite marks on the deceased's body could not be Washington's and were likely to have been caused by defendant.

\* \* \* \* \* \*

Point 1 asserts: 'The trial court erred in allowing Booker Sterling to testify concerning a statement made by [defendant's] co-defendant which implicated [defendant] in the offense.'

Witness Sterling testified he was at the C & E Motel on the nights of March 1–2, 1986, where he was employed; that between 4:30 and 5:00 in the morning he heard voices coming from one of the rooms and went to investigate. He testified, over defendant's objection, that he heard Calvin Washington, whose voice he knew well, talking to a lady; that the lady asked Calvin why did Joe Sidney bite the woman, and Calvin replied, 'I guess it is some kind of a trace mark'; that the lady asked Calvin why did ya'll beat her so much, and Calvin replied, 'We didn't want her to identify us'.

Rule 801(e)(2)(E), Tex.Rules Crim.Evid, provides: (e) a statement is not hearsay if \* \* \* (2) if the statement is offered against a party and is (E) a statement of a co-conspirator of a party during the course and in the furtherance of the conspiracy.

Defendant asserts the evidence admissible against Washington but not against him under the co-conspirator exception to the hearsay rule, *supra.*

Where two or more persons participate in the commission of a felony, the co-conspirator exception to the hearsay rule is applicable. *Roy v. State,* Ct.Crim.Appls, 608 S.W.2d 645, 651.

Declarations of one conspirator may be used against another conspirator if the declaration occurred during the course of the conspiracy. *Delgado v. State,* Ct. Crim.Appls, 544 S.W.2d 929, 931; *Lapp v. State,* Ct.Crim.Appls, 519 S.W.2d 443.

Defendant and Washington had the deceased's car in their possession at the time of and after the statements of Washington; thus the statements were made during the course of the conspiracy and were admissible. *Morgan v. State,* Ct.Crim.Appls, 519 S.W.2d 449, 451; *Hadley v. State,* CA (Amarillo) 1987, 735 S.W.2d 522, 531.

Point 1 is overruled. [sic passim]"

Appellant urges a narrow construction of the requirement that the statement of a co-conspirator be made "in furtherance of the conspiracy." Earliest caselaw from the Court of Appeals and this Court tends to support such a construction. E.g., *Knight v. The State,* 7 Tex.App. 206, 209 (1879); *Dodson v. State,* 24 Tex.App. 514, 6 S.W. 546, 547 (1887); *Dungan v. State,* 39 Tex. Cr.R. 115, 45 S.W. 19 (1898); 1 Branch's Penal Code Annotated § 694, at p. 353 (1st ed. 1916). The State argues that more recent decisions out of this Court have indicated a broader test for admissibility. See, e.g., *May v. State,* 618 S.W.2d 333, 346 (Tex.Cr.App.1981), *vacated on other grounds,* 454 U.S. 959, 102 S.Ct. 497, 70 L.Ed.2d 374 (1981). In his dissenting opinion in *Burnett v. State,* 642 S.W.2d 765, 775, Judge Dally, who earlier had authored *May* for the Court, opined:

"There is divided authority on the admissibility of a co-conspirator's statement whether it must be in the furtherance of the conspiracy or only related to the conspiracy. See Federal Rules of Evidence, Rule 801; Model Code of Evidence, Rule 63(9). The rule generally stated is: the acts and declarations of a co-conspirator, must occur during the conspiracy, and be in furtherance of the conspiracy. This rule is recited especially in earlier cases in this jurisdiction. See, e.g. *McKenzie v. State,* 32 Tex.Cr.R. 568, 25 S.W. 426 (1894); *Elliot v. State,* 111 Tex.Cr.R. 534, 15 S.W.2d 648 (1929); and *Morphey v. State,* 119 Tex.Cr.R. 77, 45 S.W.2d

1099 (1932). However, later cases hold that the statement need only be related to the conspiracy. See *Delgado v. State,* 544 S.W.2d 929 (Tex.Cr.App.1977); *White v. State,* 451 S.W.2d 497 (Tex.Cr. App.1969); and *Morgan v. State,* 519 S.W.2d 449 (Tex.Cr.App.1975)." *

Thus, the law was arguably unsettled when our Rule 801(e)(2)(E), supra, was promulgated, effective September 1, 1986.

Paying lip service to the rule, the court of appeals nevertheless decided appellant's contention on the basis of the conclusion that the statements in issue were made "during the course of the conspiracy," citing caselaw dating well before its promulgation. Perhaps in doing so the court of appeals meant to convey that it believed Rule 801(e)(2)(E), supra, simply codified what it construed to be the existing caselaw. If that is what the Waco court meant, we must disagree. For whatever was the state of the law prior to enactment of Rule 801(e)(2)(E), supra, it cannot now be said that in order to be admissible as against a hearsay objection, an out-of-court statement of a co-conspirator need only be in the course of or merely somehow "related to" the conspiracy. Some substance must be given to the rule's requirement, not only that the statement was made "in the course" of the conspiracy, but also that it was made "in furtherance" thereof.

We decline to provide that substance at this juncture. In our discretionary review capacity we review "decisions" of the courts of appeals. See Article V, § 5, Texas Constitution; Article 44.45, V.A.C.C.P.; Tex.R.App.Pro., Rule 200(a). In the instant cause the court of appeals has yet to decide whether the statement in issue was made "in furtherance of" what appellant concedes was an ongoing conspiracy. We therefore remand the cause to that court for reconsideration of appellant's first point of error. See *Brick v. State,* 738 S.W.2d 676 at 681 (Tex.Cr.App.1987).

The judgment of the court of appeals is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

---

* We question whether these cases "hold" that a co-conspirator's statement "need only be related to the conspiracy."

It is true that in *Delgado v. State,* supra, at 931, the Court stated the test broadly:

"Declarations or acts of one conspirator may be used against another conspirator if the declaration or act occurred during the course of the conspiracy charged. *Lapp v. State,* 519 S.W.2d 443 (Tex.Cr.App.1975)."

At issue in *Delgado,* however, was an act, not a statement, of the co-conspirator; and the Court held the act did not come within the test even as so stated.

Although neither *Morgan v. State* nor *Lapp v. State,* both supra, nominally require that the statements at issue be made "in furtherance" of the conspiracy, each case presents facts which would meet any reasonable construction of that requirement. The same may be said of *Aguero v. State,* 164 Tex.Cr.R. 265, 298 S.W.2d 822 (1957); *Saddler v. State,* 167 Tex.Cr.R. 309, 320 S.W.2d 146 (1959); *Helms v. State,* 493 S.W.2d 227 (Tex.Cr.App.1973); *Colunga v. State,* 527 S.W.2d 285 (Tex.Cr.App.1975); and *Roy v. State,* 608 S.W.2d 645 (Tex.Cr.App.1980). Other cases may be found which continue expressly to inquire whether the statement was made "in furtherance" of the conspiracy. E.g., *Denney v. State,* 558 S.W.2d 467 (Tex.Cr.App.1977); *Bates v. State,* 587 S.W.2d 121 (Tex.Cr.App.1979).

On original submission in *White v. State,* supra, the Court expressly held the statement in issue not to have been made "in furtherance" of the conspiracy. In its opinion on State's motion for rehearing, purporting to rely on several of the above cases, the Court reversed itself, opining that "it can be readily seen that the rule in Texas does not require the incriminating acts or declarations to ' * * * be in the furtherance of the conspiracy.'" 451 S.W.2d at 501. As we have shown, however, the cases do not so "readily" support this view of the rule. In any event, on appellant's motion for rehearing, the Court again reversed itself, this time upon the unremarkable holding that the conspiracy had terminated by the time the statements in issue had been made. The Court did not revisit the question whether such a statement must be made "in furtherance" of the conspiracy.