**Joe Sidney WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–87–196–CR.**

Court of Appeals of Texas,
Waco.

May 30, 1991.

Rehearing Denied Aug. 1, 1991.

Discretionary Review Granted
Nov. 20, 1991.

Walter M. Reaves, Jr., West, for appellant.

Paul E. Gartner, Jr., Crim. Dist. Atty., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

This court affirmed Appellant's capital murder conviction in an unpublished opinion. However, the Court of Criminal Appeals remanded the case for our reconsideration of Appellant's first point of error because we did not give "substance" to the requirement of Rule 801(e)(2)(E) that coconspirators' statements be made not only "during the course" but also "in furtherance of" the conspiracy. *See* TEX.R.CRIM. EVID. 801(e)(2)(E); *Williams v. State*, 790 S.W.2d 643 (Tex.Crim.App.1990). After remand, we issued an opinion dated March 28, 1991, but withdrew it on April 4. Having reconsidered Appellant's first point, we hold that the statements were not made "in furtherance of" the conspiracy, and so were not exempted from the hearsay classification under Rule 801(e)(2)(E), but were nevertheless properly admitted under the exception to the hearsay rule allowing statements against interest. *See* TEX. R.CRIM.EVID. 801(e)(2)(E), 803(24). Because we determine that the statements were admissible, we affirm the judgment.

## THE OFFENSE

Juanita White was found dead in her home, beaten and raped, on the morning of March 2, 1986. The front door of her house had been kicked in. She had returned home from work about 10:00 p.m. on March 1. The jury was charged under the law of parties, the State having alleged in the indictment that Appellant, either acting alone or as a party with Calvin Washington, intentionally killed Mrs. White in the course of committing burglary or sexually assaulting her. The State produced evidence that Appellant and Washington were in possession of Mrs. White's car on the morning of March 2, that Appellant told several witnesses he had committed the burglary, that bite marks were on the body, and that Washington was overheard telling an unidentified female that Appellant had bitten the deceased and why. A jury convicted Appellant of capital murder, but assessed a life sentence when it failed to affirmatively answer all of the questions required by article 37.071. *See* TEX.CODE CRIM.PROC.ANN. art. 37.071(b) (Vernon Supp.1991).

## THE CHALLENGED STATEMENTS

Appellant challenged the admissibility of the testimony of Booker Sterling, a clerk at a motel, concerning statements made by Calvin Washington and the unidentified female, which Sterling overheard while he was eavesdropping outside a motel room occupied by Washington and the woman. Appellant objected that Sterling's testimony was hearsay. The Court overruled the objection, and Sterling testified:

Q. Yes. Tell us what you heard.

A. The woman said first, why did [Appellant] bite the woman, all right, Calvin related to her, I guess it was a trace mark or something.

Q. A trace mark?

A. Yes sir. And then the woman related back to Calvin, said, Why did y'all beat her so, and Calvin related to her, said we didn't want her to identify us.

Q. Did you hear any additional conversation?

A. No, sir, no more.

Q. Did you ever figure out who that woman was that was talking?

A. No, sir, I never did.

Appellant complains in his first point of error:

> The trial court erred in allowing Booker T. Sterling to testify concerning a statement made by Appellant's co-defendant, which implicated Appellant in the offense.

### COCONSPIRATORS' STATEMENTS

Rule 801 of the Texas Rules of Criminal Evidence provides in part:

(d) **Hearsay.** "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

(e) **Statements which are not hearsay.** A statement is not hearsay if: ...

(2) *Admissions by party-opponent.* The statement is offered against a party and is ...

(E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

TEX.R.CRIM.EVID. 801(d), (e)(2)(E).

Prior to the adoption of Rule 801, the Texas cases were fairly uniform in holding that statements of a coconspirator were admissible if made during the course of the conspiracy. Even cases which discussed a "furtherance of the conspiracy" test gave little weight to that requirement. Indeed, the Court of Criminal Appeals had stated, "it can be readily seen that the rule in Texas does not require the incriminating acts or declarations to 'be in the furtherance of the conspiracy.'" *White v. State,* 451 S.W.2d 497, 501 (Tex.Crim.App.1969) (on rehearing). The Court of Criminal Appeals recognized in its opinion remanding this case that most of the pre-rule Texas cases "would meet any reasonable construction of [the furtherance] requirement." *See Williams,* 790 S.W.2d at 645 n. The Court held, however, that Rule

801(e)(2)(E) did not merely codify pre-rule case law. *See id.* at 645. Accordingly, the case was remanded for us to decide whether the statements in issue were made "in furtherance of" what Appellant concedes was an ongoing conspiracy.

### COCONSPIRATORS' STATEMENTS UNDER THE FEDERAL RULES OF EVIDENCE

### THE FURTHERANCE REQUIREMENT

Because the rule adopts the wording of the Federal Rules of Evidence and the intent of the Court of Criminal Appeals was to adopt the interpretation as well, we can look to the federal decisions to determine the substance of the "furtherance" requirement. *See Campbell v. State,* 718 S.W.2d 712, 717 (Tex.Crim.App.1986). The federal decisions recognize that Federal Rule of Evidence 801(d)(2)(E), the counterpart of Texas Rule of Criminal Evidence 801(e)(2)(E), embodies a long-standing exception to the hearsay rule, which allows statements made by one member of a conspiracy during the course and in furtherance of the conspiracy to be used against other members of the conspiracy if certain conditions are met. *See United States v. James,* 590 F.2d 575, 577 (5th Cir.1979), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). The rationale behind the coconspirator rule is the notion that coconspirators are partners in crime and the law deems them agents of one another, so that the "in furtherance of the conspiracy" requirement is analogous to the agency theory of "in the scope of the agent's authority." *Anderson v. United States,* 417 U.S. 211, 218 n. 6, 94 S.Ct. 2253, 2259 n. 6, 41 L.Ed.2d 20, 29 n. 6 (1974); *U.S. v. Ascarrunz,* 838 F.2d 759, 762 (5th Cir. 1988); *James,* 590 F.2d at 578 n. 2. Thus, statements made by coconspirators after the end of a conspiracy cannot be in furtherance of its objects. *United States v. Tille,* 729 F.2d 615, 620 (9th Cir.1984), *cert. denied,* 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984).

■ A survey of decisions by the federal appellate courts reveals a distinction between hearsay statements by coconspira-

tors that met the "furtherance" test of the rule and those that did not. Generally, statements that met the test and were held to have been in furtherance of the conspiracy were those made (1) with the intent to induce another to deal with the coconspirators or in any other way to cooperate with or assist the coconspirators, (2) with the intent to induce another to join the conspiracy, (3) in formulating future strategies of concealment to benefit the conspiracy, (4) with the intent to induce continued involvement in the conspiracy, or (5) for the purpose of identifying the role of one conspirator to another. *See United States v. Johnson,* 872 F.2d 612, 623 (5th Cir.1989); *U.S. v. Wood,* 834 F.2d 1382, 1385 (8th Cir.1987); *United States v. Gibbs,* 739 F.2d 838, 845 (3rd Cir.1984), *cert. denied,* 469 U.S. 1106, 105 S.Ct. 779, 83 L.Ed.2d 774 (1985); *United States v. Layton,* 720 F.2d 548, 556 (9th Cir.1983), *cert. denied,* 465 U.S. 1069, 104 S.Ct. 1423, 79 L.Ed.2d 748 (1984). These statements were found to further the conspiracy because they "set in motion transactions that were an integral part" of the common objective of the conspiracy. *U.S. v. Fielding,* 645 F.2d 719, 726 (9th Cir. 1981).

■ *Examples* of statements that did not meet the "furtherance" test, and thus remained hearsay, were those that were (1) casual admissions of culpability to someone the declarant had individually decided to trust, (2) mere narrative declarations, (3) mere conversation between conspirators, or (4) "puffing" or "boasts" by a conspirator. *Gibbs,* 739 F.2d at 845; *Fielding,* 645 F.2d at 726; *United States v. Castillo,* 615 F.2d 878, 883 (9th Cir.1980); *United States v. McGuire,* 608 F.2d 1028, 1032–33 (5th Cir. 1979), *cert. denied,* 446 U.S. 910, 100 S.Ct. 1838, 64 L.Ed.2d 262 (1980); *United States v. Eubanks,* 591 F.2d 513, 520 (9th Cir. 1979); *United States v. Moore,* 522 F.2d 1068, 1077 (9th Cir.1975), *cert. denied,* 423

U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1976). Statements such as these were held not to have advanced the objectives of the conspiracy. *Layton,* 720 F.2d at 556. Thus, the "in furtherance of the conspiracy" requirement in Rule 801(e)(2)(E) "is designed 'to protect the accused against idle chatter of criminal partners as well as inadvertently misreported and deliberately fabricated evidence.'" *Id.*

## PROCEDURAL REQUIREMENTS

■ The procedure in the Fifth Circuit requires that the court, prior to admitting a coconspirator's statement in evidence, determine that the statement actually falls within the definition of the rule; that is, there must be evidence that an alleged conspiracy existed, that the declarant and the defendant against whom the statement is offered were members of that conspiracy, and that the statement at issue was made during the course and in furtherance of that conspiracy. *Bourjaily v. U.S.,* 483 U.S. 171, 175, 107 S.Ct. 2775, 2778, 97 L.Ed.2d 144 (1987); *Ascarrunz,* 838 F.2d at 762; *James,* 590 F.2d at 578. If these preliminary facts are disputed, the prosecution's burden is to satisfy the rule's requirements by a preponderance of the evidence. *Bourjaily,* 483 U.S. at 175–76, 107 S.Ct. at 2778–79, 97 L.Ed.2d 144. The coconspirator's statements may be weighed by the court to determine their probative value on these preliminary fact questions.[1] *Bourjaily,* 483 U.S. at 180–81, 107 S.Ct. at 2781, 97 L.Ed.2d 144; *Ascarrunz,* 838 F.2d at 762. If the court is satisfied that this test has been met, then the statement of the coconspirator is admissible. *James,* 590 F.2d at 581–82.

## APPLICATION TO THE FACTS

■ The court held a Rule 104(a) hearing[2] on the admissibility of Washington's

---

**1.** *Bourjaily* expressly reserved the question of whether a coconspirator's statements, standing alone, can establish the existence of the conspiracy or the defendant's part in it. *See Bourjaily v. U.S.,* 483 U.S. 171, 181, 107 S.Ct. 2775, 2781, 97 L.Ed.2d 144 (1987). *But cf. U.S. v. Tarvers,* 833 F.2d 1068, 1078 (1st Cir.1987) (implying that *some* independent evidence is necessary). We

are not faced with that question because Appellant concedes that an ongoing conspiracy between him and Washington existed when the statements were made.

**2.** Rule 104(a) requires that the judge alone determine the admissibility of the evidence. *See*

statements outside of the presence of the jury, but filed no findings of fact or conclusions of law. The State, although having the burden of establishing the admissibility of Washington's statements against Appellant, failed to offer any evidence upon which the trial judge could determine whether such statements set in motion transactions that were an integral part of the objective of the conspiracy. *See Fielding*, 645 F.2d at 726. Thus, we hold that the State failed to establish that Washington's statements were admissible under Rule 801(e)(2)(E) as being made in furtherance of the conspiracy. *See* TEX.R.CRIM. EVID. 801(e)(2)(E).

## PRESUMPTION OF ADMISSIBILITY

■ We presume, however, that the ruling admitting Washington's statements into evidence was correct. *See Olsen v. State*, 424 S.W.2d 449, 451 (Tex.Crim.App. 1968). Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. TEX.R.CRIM.EVID. 103(a). When a trial court's ruling on the admission of evidence is correct, although the court gives a wrong or insufficient reason, no reversal should occur if the evidence is admissible for any reason. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Miles v. State*, 488 S.W.2d 790, 792 (Tex. Crim.App.1972); *Spann v. State*, 448 S.W.2d 128, 130 (Tex.Crim.App.1969). We must therefore determine whether the statements were admissible for *any* reason. *See Sewell v. State*, 629 S.W.2d 42, 45 (Tex.Crim.App. [Panel Op.] 1982).

## STATEMENTS AGAINST INTEREST

### RULE 803(24)

Texas Rule of Criminal Evidence 803 provides in part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> .    .    .    .    .
>
> (24) **Statement Against Interest.** A statement which was at the time of its

TEX.R.CRIM.EVID. 104(a); *Casillas v. State*, 733

making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or *criminal liability*, or to render invalid a claim by him against another, or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. *A statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.*

TEX.R.CRIM.EVID. 803(24) (emphasis added).

■ Calvin Washington's statements involving his own confession to a murder exposed him to criminal liability. *See* TEX. R.CRIM.EVID. 803(24); *Nix v. State*, 750 S.W.2d 348, 353 (Tex.App.—Beaumont 1988, no pet.). A reasonable man in Washington's position would not have made the statements unless he believed them to be true. *See* TEX.R.CRIM.EVID. 803(24). As required by the rule, the corroborating circumstances clearly indicate the trustworthiness of the statements: Mrs. White had been beaten; the statements were made during the same night as the murder; Washington was still in possession of Mrs. White's car; Appellant and Calvin Washington had been together after the murder; the body contained the "bite marks" alluded to in the statements; and Washington did not know that his statements were being overheard. *See id.* Thus, Washington's statements were admissible as statements against interest unless the State's failure to prove that he was unavailable at trial as a witness precluded their admission. *See id; Davis v. State*, 772 S.W.2d 563, 569 (Tex.App.—Waco 1989, no pet.).

## THE UNAVAILABILITY REQUIREMENT

We recognize the conflict between Rule 803(24) and *Davis*. *See* TEX.R.CRIM.EVID. 803(24); *Davis*, 772 S.W.2d at 569. Rule 803(24) authorizes the admission of state-

S.W.2d 158, 166–68 (Tex.Crim.App.1986).

ments against interest without any requirement that the offering party demonstrate unavailability of the declarant; *Davis* held that, because of the Confrontation Clause, evidence of a third-party statement against interest was not admissible without proof of the declarant's unavailability or a good-faith effort to produce him. *See id.;* U.S. Const. amend. VI, cl. 2.

■ Out-of-court declarations have generally been admitted only when (1) the offering party produces or demonstrates unavailability of the declarant whose hearsay statement is offered and (2) other "indicia of reliability" demonstrate the trustworthiness of the statements. *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). The Confrontation Clause does not, however, necessarily prohibit the admission of hearsay statements against criminal defendants, even though the admission of such statements might be thought to violate the literal terms of the Clause. *Idaho v. Wright,* —— U.S. ——, 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638 (1990). The Clause permits, where necessary, the admission of certain hearsay statements against a defendant despite his inability to confront the declarant. *Maryland v. Craig,* —— U.S. ——, 110 S.Ct. 3157, 3164, 111 L.Ed.2d 666 (1990). Coconspirators' statements may be admitted without a showing that the declarant is unavailable to testify. *United States v. Inadi,* 475 U.S. 387, 392–400, 106 S.Ct. 1121, 1124–29, 89 L.Ed.2d 390 (1986).

There are good reasons why the unavailability rule, developed in cases involving former testimony, should not be applied to statements against interest. Former testimony is often only a weaker substitute for live testimony, and when two versions of the same evidence are available, a longstanding principle of the law of hearsay favors the better evidence. *Inadi,* 475 U.S. at 394–95, 106 S.Ct. at 1126, 89 L.Ed.2d 390. By analogy, *Inadi's* reasoning that unavailability need not be shown prior to the admission of coconspirators' statements demonstrates that unavailability need not be shown prior to the admission of statements against interest. *See id.* A non-

defendant's statements against interest provide evidence of his perception of his own conduct which cannot be duplicated, even if he testifies. *See id.* We have historically trusted statements against a person's pecuniary, proprietary, financial, or penal interest made outside the courtroom because they are based on a knowledge of human nature. 1A R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 1002 (Texas Practice 1980). Experience and common sense both tell us that self-interest causes men to be cautious in saying anything against themselves. *Id.* Therefore, a statement containing a fact directly against one's interest is so unlikely to be untrue or inaccurate that it is deemed worthy of consideration by the jury, even though the sanction of an oath and the test of cross-examination are wanting. *Id.* In addition, in a criminal case the relative positions of the third-party declarant and the defendant will usually have changed substantially between the time of the statement and the time of trial. *See Inadi,* 475 U.S. at 394–95, 106 S.Ct. at 1126, 89 L.Ed.2d 390. Thus, the admission of a nondefendant's statements against interest into evidence actually furthers the very mission of the Confrontation Clause, which is to "advance the accuracy of the truth-determining process in criminal trials," and little, if any, benefit would be accomplished by imposition of an independent unavailability requirement on our statement-against-interest exception to the hearsay rule. *See id.;* TEX.R.CRIM.EVID. 803(24).

■ Rule 803(24) does not require a showing of unavailability for a statement against interest to be admitted into evidence. TEX.R.CRIM.EVID. 803(24). The rule's provision that the unavailability requirement is unnecessary has been characterized as "wise." 1A R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 1003 (Texas Practice Supp.1990). Further, proof of unavailability to testify to statements against penal interest has never been required in Texas. *Ramirez v. State,* 543 S.W.2d 631, 632 (Tex.Crim.App.1976). We therefore overrule *Davis* to the extent it requires the offering party to show that the declarant is unavailable or a good-faith

effort to produce him as a prerequisite to the admissibility of statements against interest. *See* Tex.R.Crim.Evid. 803(24); *Davis,* 772 S.W.2d at 569.

## INDICIA OF RELIABILITY

■ *Roberts* suggests that the indicia-of-reliability requirement can be met in either of two circumstances: (1) where the hearsay statement "falls within a firmly rooted hearsay exception," or (2) where it is supported by "a showing of particularized guarantees of trustworthiness." *Wright,* — U.S. at —, 110 S.Ct. at 3147, 111 L.Ed.2d 638; *Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539, 65 L.Ed.2d 597. The exception for statements against interest is one of the oldest exceptions to the hearsay rule. 1A R. Ray, Texas Law of Evidence Civil and Criminal § 1001 (Texas Practice 1980). Thus, a showing of "particularized guarantees of trustworthiness" of statements against interest is not required and our rule allowing admission of such statements as an exception to the hearsay rule satisfies the *Roberts'* requirement of indicia of reliability. *Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539, 65 L.Ed.2d 597; Tex. R.Crim.Evid. 803(24).

## SUMMARY

Because (1) unavailability of the declarant need not be shown and (2) the indicia-of-reliability requirement is satisfied, the *Roberts'* requirements for out-of-court declarations are met by Rule 803(24), and the Confrontation Clause is no obstacle to the admissibility of statements against interest. *See Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539, 65 L.Ed.2d 597; Tex.R.Crim.Evid. 803(24); 33 S. Goode, O. Wellborn and M. Sharlot, Guide to the Texas Rules of Evidence: Civil and Criminal § 803.29 n. 13.5 (Texas Practice Supp.1990).

We have found no case, other than *Davis,* in which a trial court has admitted a non-defendant's statement against interest into evidence when offered by the prosecution. *See Davis,* 772 S.W.2d at 569. Statements against interest made by defendants have been admitted into evidence when offered by the prosecution. *E.g., Flix v.*

*State,* 782 S.W.2d 1, 3 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd); *Reynolds v. State,* 744 S.W.2d 156, 161 (Tex.App.—Amarillo 1987, pet. ref'd). These cases may be subject to criticism, however, because the underlying premise of the rule is that the statement was made by a third person. *Spivey v. State,* 748 S.W.2d 18, 19–20 (Tex.App.—Houston [1st Dist.] 1988, no pet.); 33 S. Goode, O. Wellborn and M. Sharlot, Guide to the Texas Rules of Evidence: Civil and Criminal § 803.29 (Texas Practice Supp.1990). Although a non-defendant's statement against interest was admitted prior to the rule as exculpatory proof when offered by a defendant only if the non-defendant had testified as a witness for the state or if (1) the state was relying on circumstantial evidence, (2) the guilt of the non-defendant was inconsistent with the guilt of the defendant, and (3) the non-defendant was so situated that he might have committed the crime, *Erwin v. State,* 729 S.W.2d 709, 714–17 (Tex.Crim. App.1987) (explanation of the two prerule lines of cases), a non-defendant's statement against interest offered by a defendant seeking to exculpate himself is admissible under the rule. *See* Tex.R.Crim.Evid. 803(24); *Williams v. State,* 800 S.W.2d 364, 367 (Tex.App.—Ft. Worth 1990, no pet.) (statement not admitted because defendant failed to corroborate); *House v. State,* 733 S.W.2d 278, 279 n. 1 (Tex.App.—Texarkana 1987, pet. ref'd). The rule makes no distinction between statements offered by the state and those offered by the defendant; it allows the admission of a statement against interest as an exception to the hearsay rule if the conditions of the rule are met. *See* Tex.R.Crim.Evid. 803(24); 33 S. Goode, O. Wellborn and M. Sharlot, Guide to the Texas Rules of Evidence: Civil and Criminal § 803.29 (Texas Practice Supp.1990).

## CONCLUSION

We hold that the trial court properly admitted Washington's declarations as statements against interest and affirm the judgment of the trial court. *See* Tex. R.Crim.Evid. 803(24).

CUMMINGS, J., disagrees with the withdrawal of the March 28, 1991 opinion and does not join in this opinion.