NO. 07-02-0054-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 16, 2002

_____


TYRONE L. LEWIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-436428; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In challenging his conviction for the offense of possession of a controlled substance and the resulting enhanced sentence of 16 years confinement in the Institutional Division of the Department of Criminal Justice, appellant Tyrone L. Lewis contends in two issues that the evidence is legally and factually insufficient to support his conviction. For the reasons set forth, we affirm the judgment of the trial court.

At approximately 6:30 a.m. on September 8, 2000, police officers executed a search warrant at 3501 East Cornell in Lubbock, the residence of appellant's girlfriend, Sepbrana Murphy. At the time of entry by the police, the front door was open with appellant's keys in the door. Appellant was found asleep in a bedroom, and no one else was present in the house. Upon searching the residence, officers located cocaine hidden under the mattress in a child's bedroom, but no contraband was seized from appellant himself or located in the bedroom where he was sleeping. The gist of appellant's complaint is that the evidence does not link him to either actual or constructive possession of the cocaine.

The standard by which we review the legal sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Under a factual sufficiency review, we must review all of the evidence without the prism of "in the light most favorable to the prosecution" and determine whether the verdict is so against the weight of the evidence as to be clearly wrong and manifestly unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996).

Appellant was indicted for possession of a controlled substance in penalty group one of less than four grams but at least one gram with intent to deliver. However, the jury found appellant guilty of the lesser-included offense of possession of a controlled substance. For appellant to be guilty, he must have knowingly or intentionally possessed

a controlled substance. Tex. Health & Safety Code Ann. § 481.115(a) (Vernon Supp. 2002). Possession means actual care, custody, control, or management. *Id.* § 481.002(38). Thus, to prove unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, and management over contraband, and the accused knew the matter possessed was contraband. *Levario v. State*, 964 S.W.2d 290, 294 (Tex.App.--El Paso 1997, no pet.); *Mayes v. State*, 831 S.W.2d 5, 6 (Tex.App.--Houston [1st Dist.] 1992, no pet.).

The defendant's possession of a controlled substance does not have to be exclusive. *Redman v. State,* 848 S.W.2d 710, 713 (Tex.App.--Tyler 1992, no pet.); *Bass v. State*, 830 S.W.2d 142, 145-46 (Tex.App.--Houston [14th Dist.] 1992, pet. ref'd). However, when the accused is not in exclusive control of the place where contraband is found, the State must show additional affirmative links between the accused and the contraband. *Johnson v. State,* 658 S.W.2d 623, 627 (Tex.Crim.App. 1983), *overruled on other grounds by Woods v. State,* 956 S.W.2d 33 (Tex.Crim.App. 1997); *Cooper v. State*, 852 S.W.2d 678, 681 (Tex.App.--Houston [14th Dist.] 1993, pet. ref'd). This evidence may be direct or circumstantial. *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995).

The State initially argues that appellant may not challenge the legal or factual sufficiency of the evidence because he accepted the benefit of an instruction on a lesser-included offense for which he was convicted. Appellant asserted objections to the charge, but did not complain of the instruction on the lesser-included offense. It has been held that

3

a defendant who does not object to an instruction on a lesser-included offense is estopped from complaining on appeal that the evidence either legally or factually fails to support the conviction of the lesser offense. *State v. Lee*, 818 S.W.2d 778, 781 (Tex.Crim.App. 1991), *disapproved on other grounds by Moore v. State,* 969 S.W.2d 4 (Tex.Crim.App. 1998); *Otting v. State*, 8 S.W.3d 681, 687 (Tex.App.--Austin 1999, pet. ref'd, untimely filed); *Bisco v. State,* 964 S.W.2d 29, 30 (Tex.App.--Tyler 1997, pet. ref'd). Therefore, we agree that appellant may not raise these issues on appeal.

However, even if appellant was not prevented from asserting these matters, we believe the evidence is sufficient to support the conviction. Factors that may be considered as affirmative links between a defendant and contraband include whether the defendant was present at the time of the search, whether other persons were present at the time of the search, whether the amount of contraband found was large enough to indicate the defendant knew of its existence, and whether there was evidence establishing the defendant's occupancy of the premises. *Levario,* 964 S.W.2d at 294. Additional factors include the amount of contraband, the location of the contraband in relationship to the defendant's personal belongings, the defendant's relationship to the other persons with access to the premises, and the proximity of the defendant to the contraband. *Villegas v. State*, 871 S.W.2d 894, 896 (Tex.App.--Houston [1st Dist.] 1994, pet. ref'd). A reviewing court may also consider whether the accused was under the influence of the substance when arrested, whether he attempted to flee, whether he made furtive gestures, whether there was an odor of contraband, whether other contraband or drug paraphernalia was

present, whether the location of the drugs was enclosed, and whether the defendant was familiar with the type of contraband. *Kyte v. State*, 944 S.W.2d 29, 31 (Tex.App.--Texarkana 1997, no pet.).

In this instance, the evidence established that appellant was asleep in the house alone in the master bedroom at the time of the search with the front door open and keys in the lock. Male clothing and shoes were found in that bedroom, and there was also an envelope addressed to appellant at 3501 East Cornell found on the nightstand next to the bed. The residence was owned by appellant's girlfriend or common-law wife, but appellant had been observed there on many occasions. He had also been seen driving his girlfriend's car on multiple occasions, and one time he drove it into the garage and closed the door with an automatic opener.

Appellant smelled of alcohol and appeared to be intoxicated or under the influence of some substance at the time of the search. Additionally, the cocaine was found hidden in a plastic bag under a mattress in the bedroom of a female child estimated to be around 7-10 years of age to which appellant had access, and it was in an amount greater than typical for personal use. There was testimony that, from the location of the cocaine, it would have to have been intentionally placed there. Further, a female officer was unable to lift the mattress by herself to search the bed.

Appellant proved that he was not the owner of the house, and his mother testified that appellant lived with her. However, she also stated that appellant, who was 29 years

5

old, did not always spend the night at her home. There was no evidence that appellant made incriminating statements, furtive gestures, or attempted to flee when arrested. There was also no evidence of other contraband or drug paraphernalia at the home or that appellant was familiar with that type of contraband.

It must be determined from the totality of the circumstances whether a jury could rationally find that appellant was aware of the contraband and exercised control over it. There is no evidence that anyone resided or stayed in the home other than appellant, his girlfriend, and a young child. However, there is evidence from which a jury could rationally find that appellant had free access to the home and stayed there on at least a part-time basis. Appellant was in the house alone at the time of the search. There is further evidence from which a jury could find that the cocaine, in an amount more than is generally found to be for personal use, was most likely hidden in the child's bedroom by an adult strong enough to lift the mattress and box springs, which a female police officer was unable to do without assistance. Further, there is evidence that appellant was under the influence of alcohol or some substance evidenced by the fact he left the door open with his keys in it while sleeping and from his appearance at the time of his arrest. This evidence could further explain his failure to attempt to flee when the officers raided the house.

While the evidence may not be particularly strong, we believe that a jury could have rationally found that appellant knew of the substance and exercised control over it. Further, such a finding is not so against the great weight of the evidence as to be clearly

6

wrong.  Appellant's issues are overruled.  Finding no reversible error, the judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.