

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| DAVID JEROME THOMAS, | | No. 08-14-00095-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | Criminal District Court No. 3 |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC # 1317495D) |
| | § | |

## **O P I N I O N**

Appellant was convicted of being a felon in possession of a firearm. A jury sentenced him to forty-five years in prison. He now claims that his Sixth Amendment confrontation rights were violated when the State failed to produce a witness to explain how a jailhouse telephone recording system works. The State introduced into evidence a phone recording of Appellant that possibly bore on his guilt. The State does not contest that the admission of the testimony violated Appellant's Sixth Amendment rights, or that the admission was harmful error. Instead, it argues only that the objection was waived. For the reasons set forth below, we affirm.

## FACTUAL SUMMARY

Appellant was convicted in July 2012 of possession of less than one gram of cocaine and sentenced to six months in jail. On February 23, 2013, the State executed a search warrant at a house where Appellant was residing; the warrant was issued based on probable cause that

narcotics would be found there. The police failed to find any drugs, but underneath a pillow on a bed where Appellant was apparently sleeping, they found a loaded semi-automatic pistol. Next to the bed was a high-top tennis shoe with a role of cash stuffed in it, and nearby was a sock filled with additional rounds of ammunition. Appellant was charged as a felon in possession of a weapon, and because of his prior conviction history, he was additionally charged as a habitual offender.

Appellant through his trial counsel claimed that the gun was not his. There were other people living in the house and he sponsored the testimony of a witness who claimed ownership of the gun. The State's case was largely premised on Appellant's proximity to the gun. Additionally, when Appellant was arrested he was asked "What's up with the gun" to which he responded it was for protection of his house. To strengthen the tie between the gun and Appellant, the State admitted an audio recording of Appellant made while he was calling from the jail shortly after his arrest. In the call, he admitted that the shoe and the cash found next to the bed were his, as was a cell phone that was under the pillow.

The State laid the following predicate for the admission of the jailhouse phone recording: Kristen Spivey is the detention manager for City of Grand Prairie. She testified that the jail contracts with a vendor, Global Tel Link, to record all inmate phone calls. Detention officers assign each inmate a pin number which an inmate must use to make a call. The calls are recorded and stored offsite and are available to investigators who can log onto a system to listen to the calls. Spivey did not know the method used by Global Tel Link to record the calls, or have any specific knowledge as to how the system works other than as set out above.

After the State laid this predicate through Spivey, Appellant's counsel lodged the following objection:

2

[DEFENSE COUNSEL]: At this time, Your Honor, I would object to -- under rule 702.

THE COURT: Object to what?

[DEFENSE COUNSEL]: To this witness's qualifications as to testifying as to the system or authenticating the validity of the recording.

THE COURT: Okay. That's overruled.

The State then called Detective Peter Amaral to admit the actual recording; he was the detective who accessed and then downloaded the phone call to an audio file identified as State's Exhibit 31. Detective Amaral was also aware that the jail phone system required inmates who were making a call to use a pin number, plus the inmates must enter the last the four digits of their social security number, or the corresponding digits of the day and month of their birth. Once logged into the system, a detective can access a particular inmate's calls by looking up these identifiers. Detective Amaral identified State's Exhibit 31 as a call attributed to Appellant. When the State moved to admit the recording, Appellant lodged this objection:

> [DEFENSE COUNSEL]: Your Honor, I would renew my objection under 702. The system has not been suitably authenticated to show that is actually the call. The witnesses that have been offering it do not have technical knowledge to be able to state how it is run. And then also to care, custody, and control has not been demonstrated over the -- the call.
>
> THE COURT: Overruled.

The recording is some fifteen minutes long and the parties discussed how they might publish only a smaller segment of the recording to the jury containing only the statement about ownership of the shoe. During that discussion, Appellant made an additional relevance and prejudice objection. The trial court then stated its perception of the objections that had been made and its rulings:

> THE COURT: Okay. So you offered the entire thing. He objected to care, custody, control and 702, that the system wasn't authenticated. I overruled that.

3

And then you said you were going to only offer some of it, which you can offer as much of it as you want. The whole thing was in evidence. And then you at that point after it was already in evidence, you brought up a different objection about the relevance and prejudicial balancing. So.

The relevance and prejudice objections were then expressly overruled and some portion of the audiotape was played for the jury. In its deliberations, the jury asked for a copy of the recording.

## CONFRONTATION CLAUSE

Appellant brings one issue on appeal. He contends that the audio recording of the jail phone conversation violated his Sixth Amendment right to confront his accusers as set out in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *Crawford* holds that an out-of-court testimonial statement by a witness, who does not testify at trial, is barred by the Sixth Amendment's Confrontation Clause unless the witness is unavailable to testify and the accused has a prior opportunity to cross-examine the witness. 541 U.S. 36, 59-65, 124 S.Ct. 1354. The essence of Appellant's argument is that the audio recording was stored and then retrieved from a vendor, Global Tel Link, and that no one from that vendor came to testify at trial about how the recording system was administered. Appellant analogizes this error to *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310, 129 S.Ct. 2527, 2532, 174 L.Ed.2d 314 (2009) where a chemical analysis report was improperly admitted without the live testimony from the forensic analyst who prepared the report. Appellant further contends that ownership of the gun was a closely contested issue and the audio recording about ownership of the nearby shoe could have potentially tilted the balance at trial.

The State responds to none of the predicates for Appellant's argument, but rather only contends that the Confrontation Clause objection was never asserted below and was waived.

4

*Preservation of Error*

To preserve a complaint for appellate review, a defendant must make a timely and specific objection to the trial court. TEX.R.APP.P. 33.1(a); *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009). In making the objection, terms of legal art are not required, but a litigant should at least "let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992). An objection stating one legal basis may not be used to support a different legal theory on appeal. *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex.Crim.App. 2004)(objection based on Fifth Amendment did not preserve state constitutional ground); *Goff v. State*, 931 S.W.2d 537, 551 (Tex.Crim.App. 1996)(variance in charge objection with contention on appeal waived error); *Bell v. State*, 938 S.W.2d 35, 54 (Tex.Crim.App. 1996), *cert. denied,* 522 U.S. 827, 118 S.Ct. 90, 139 L.Ed.2d 46 (1997)(objection at trial regarding illegal arrest did not preserve claim of illegal search and seizure on appeal). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez v. State*, 306 S.W.3d 308, 312 (Tex.Crim.App. 2009).

*Analysis*

After carefully reviewing the objections that Appellant made below, we find no mention of the Sixth Amendment or the Confrontation Clause. His counsel did not use the phrase "right to confront" or other words suggesting he insisted on cross-examining Global Tel Link. Rather, his only objection with regard to the sponsoring witnesses for the audiotape was that they failed Rule 702, and that they could not authenticate the audiotape. Rule 702 addresses whether those

5

witnesses would be qualified to render expert opinions. TEX.R.EVID. 702 ("An witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."). The "care custody and control" objection appears to challenge chain of custody, which is if anything a Rule 901 authentication objection. *Davis v. State*, 992 S.W.2d 8, 10 (Tex.App.--Houston [1st Dist.] 1996, no pet.) As to the tape itself, he additionally objected that it was not relevant and unduly prejudicial. None of these specific objections are advanced on appeal as reasons to reverse the judgment.

Appellant responds to the waiver claim in several ways. First, citing some earlier United States Supreme Court opinions, he contends that one must clearly waive a constitutional right, and there is no clear waiver on this record. *See Brookhart v. Janis*, 384 U.S. 1, 4, 86 S.Ct. 1245, 1247, 16 L.Ed.2d 314 (1966)(defendant who stated in open court that he was not pleading guilty did not intelligently and knowingly waive right to confront and cross-examine witnesses); *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)(presumption against waiver of important constitutional right such as right to counsel). But even in the federal court system, a litigant who does not raise a Confrontation Clause objection to the trial court is relegated to proving "plain error" on appeal. *See U.S. v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007)("We review, for plain error only, any Confrontation Clause issues that were not contemporaneously raised at trial."); *United States v. Solomon*, 399 F.3d 1231, 1237-38 (10th Cir. 2005)(holding hearsay objection does not encompass Confrontation Clause objection, invoking only plain error standard). So while reviewable, the appellant is saddled with an exceedingly difficult burden. *See U.S. v. John*, 597 F.3d 263, 285 (5th Cir. 2010)("We are also

6

cognizant that meeting all four prongs of plain-error review is difficult, as it should be.")(internal quotations omitted).[1]

Appellant's analysis also overlooks the three tiered classification of error outlined in *Marin v. State*, 851 S.W.2d 275, 279 (Tex.Crim.App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App. 1997). A litigant's rights can be classified either as: (1) "absolute requirements and prohibitions"; (2) "rights of litigants which must be implemented by the system unless expressly waived"; or (3) "rights of litigants which are to be implemented upon request." *Id*. at 279. Appellant essentially argues here that Confrontation Clause rights fall into the second category which are "waivable-only rights" such that they must be recognized unless affirmatively waived on the record. *Id*. at 279-80. Errors regarding waivable-only rights may be raised for the first time on appeal. *Mendez v. State*, 138 S.W.3d 334, 342 (Tex.Crim.App. 2004).

But the Court of Criminal Appeals has several times treated Confrontation Clause complaints under the third tier as a right that a litigant must affirmative invoke. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004); *Wright v. State*, 28 S.W.3d 526, 536 (Tex.Crim.App. 2000); *Dewberry v. State*, 4 S.W.3d 735, 752 & n.16 (Tex.Crim.App. 1999); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App. 1990)("We hold that in failing to object at trial, appellant waived any claim that admission of the videotape violated his rights to confrontation and due process/due course of law."), *overruled on other grounds by, Karenev v. State*, 281 S.W.3d 428, 434 (Tex.Crim.App. 2009); *see also Deener v. State*, 214 S.W.3d 522,

---

[1] Plain error in the federal system requires the appellant to show (1) error, (2) that is plain, (3) that affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Gonzalez-Huerta,* 403 F.3d 727, 732 (10th Cir. 2005). Generally, an error affects substantial rights only if it "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). FED.R.CRIM.PRO. 52(b) expressly permits federal courts to review unpreserved error, but only under the plain error standard. Texas courts employ the concept of fundamental error, which is akin the federal standard of plain error. *See Jimenez v. State*, 32 S.W.3d 233, 238 (Tex.Crim.App. 2000). But Texas does not have a direct counterpart to Rule 52(b).

527 (Tex.App.--Dallas 2006, pet. ref'd)("We conclude the right of confrontation is a forfeitable right--not a waivable-only right--and must be preserved by a timely and specific objection at trial."); *Robinson v. State*, 310 S.W.3d 574, 577-78 (Tex.App.--Fort Worth 2010, no pet.)(failure to object waived Confrontation Clause claim); *Courson v. State*, 160 S.W.3d 125, 129 (Tex.App.--Fort Worth 2005, no pet.). In each of these cases a litigant who failed to raise a proper objection entirely forfeited any right of review.

As the United States Supreme Court has said, "'No procedural principle is more familiar to this Court than that a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.'" *United States v. Olano,* 507 U.S. 725, 731, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993), *quoting Yakus v. United States,* 321 U.S. 414, 444, 64 S.Ct. 660, 677, 88 L.Ed. 834 (1944).

Appellant next contends that by challenging the chain of custody for the audio recording, he necessarily alerted the trial court to the Confrontation Clause issue. We disagree. A number of courts have held that hearsay objections are not synonymous or co-extensive with an objection raising Sixth Amendment issues. *Paredes*, 129 S.W.3d at 535; *Wright*, 28 S.W.3d at 536; *Rios v. State*, 263 S.W.3d 1, 6-7 (Tex.App.--Houston [1st Dist.] 2005, pet dism'd, untimely filed); *Buckner v. State*, No. 02-11-00106-CR, 2012 WL 503522, at *2 (Tex.App.--Fort Worth Feb. 16, 2012, no pet.)(mem. op., not designated for publication).

We see no reason why a chain of custody objection would be any different. A chain of custody challenge is really an attack on the authenticity of the evidence under TEX.R.EVID 901. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims

it is." TEX.R.EVID. 901(a). Within the test for authentication is whether the chain of custody was preserved. *Davis v. State*, 992 S.W.2d at 10. Under the evidentiary rule, the proponent must establish at least "the beginning and the end of the chain of custody." *Martinez v. State*, 186 S.W.3d 59, 62 (Tex.App.--Houston [1st Dist.] 2005, pet. ref'd); *see also Gallegos v. State*, 776 S.W.2d 312, 315-16 (Tex.App.--Houston [1st Dist.] 1989, no pet.). Intermediate links in the chain can be proven by circumstantial evidence, *Bass v. State*, 830 S.W.2d 142, 146 (Tex.App.--Houston [14th Dist.] 1992, pet. ref'd), and absent evidence of fraud or tampering, alleged gaps in the chain of custody affect the weight to be given the evidence and not its admissibility. *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex.Crim.App. 1997). These are types of issues that would have come to mind when the trial judge would have considered Appellant's authentication challenge to the audiotape.

A Sixth Amendment challenge, however, involves a different thought process. For the Confrontation Clause, the trial court must determine if the out of court assertion is testimonial or non-testimonial. As the court itself wrote in *Melendez-Diaz*: "[W]e do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case." *Melendez-Diaz,* 557 U.S. at 311, 129 S.Ct. at 2532 n.1. Instead, some of the materials from these potential chain of custody witnesses "may well qualify as nontestimonial records." *Id.*; *see also Infante v. State*, 404 S.W.3d 656, 667 (Tex.App.--Houston [1st Dist.] 2012, no pet.)(lab technician's identification of a radio's serial number was non-testimonial); *Evanoff v. State*, No. 11-09-00317-CR, 2011 WL 1431520, at *11 (Tex.App.--Eastland April 14, 2011, pet. ref'd)(mem. op., not designated for publication)(holding that laboratory submission form linking substance seized and substance tested were not testimonial

9

under Confrontation Clause but, instead, "merely went to establishing chain of custody"). And even though the State does not respond to Appellant's claim here that Global Tel Link had necessary testimonial evidence to share, we do not see that as a foregone conclusion.

Failing to tell the trial judge that the chain of custody objection invoked the Confrontation Clause denied the judge notice of the framework to evaluate the objection. It also denied the State the option to cure an otherwise curable objection. Here for instance, the State may have considered that an overruled Rule 901 objection was inconsequential, as it was a matter committed to trial court's discretion. *Wall v. State*, 184 S.W.3d 730, 743 (Tex.Crim.App. 2006)(evidentiary challenge reviewed under abuse of discretion standard). Conversely, the State may have viewed the situation differently if it understood the complaint involved the Confrontation Clause, with its own standard of review, such that the State would have subpoenaed a representative from Global Tel Link. *Wall*, 184 S.W.3d at 742 (constitutional challenge reviewed under *de novo* standard). Because Appellant did not object based on the Confrontation Clause below, and because only Confrontation Clause issues are advanced on appeal, we overrule Appellant's sole issue. The judgment of the trial court is affirmed.

November 3, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)