

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00222-CR

_____

BENJAMIN ROBERT CAIN, III, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 13-0257X

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Chief Justice Morriss

# OPINION

A video recording taken with a small camera hidden on the person of confidential informant Dennis Boyd showed Boyd interacting with Sergeant Steve Ashmore of the Harrison County Sheriff's Office, then getting in a vehicle, driving to a nearby Harrison County residence, interacting inside that residence with Benjamin Robert Cain, III, purchasing $100.00 of a substance in a plastic bag from Cain, returning to the vehicle, driving back to the original location, and delivering to Ashmore a similar plastic bag containing a similar substance. Though Boyd died before Cain's jury trial[1] on the charge of delivery of less than twenty-eight grams of a Penalty Group 3 controlled substance,[2] dihydrocodeine, Ashmore testified to verify the video and to supply additional facts. On appeal, Cain asserts that the video was improperly admitted into evidence and that the evidence was insufficient to support his conviction. We affirm the trial court's judgment because (1) the video was adequately authenticated, (2) the chain of custody of the drugs was adequately shown, (3) a violation of the Confrontation Clause was not adequately briefed, and (4) sufficient evidence supports Cain's conviction.

*(1)     The Video Was Adequately Authenticated*

Cain argues that the video of Boyd's drug buy was not properly authenticated and therefore Rule 901 of the Texas Rules of Evidence was not satisfied. We disagree.

---

[1]Cain was sentenced to twenty-four months' confinement and fined $5,000.00.

[2]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.114(b) (West 2010).

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." TEX. R. EVID. 901(a). Video recordings or motion pictures sought to be used in evidence are treated as photographs and are properly authenticated when it can be proved that the images reflect reality and are relevant. *Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988).

Almost all of Cain's briefing seeks to distinguish *Watson v. State*, 421 S.W.3d 186 (Tex. App.—San Antonio 2013, pet. ref'd), on which the State relied at trial and relies in this appeal. *Watson* involved a situation similar to the one at hand, illegal drugs being purchased in cooperation with law enforcement by a confidential informant who became unavailable at trial. The *Watson* court addressed the Confrontation Clause and found no violation where a police officer sponsored the video of the drug buy and offered testimony about the events depicted in the recording. *Watson*, 421 S.W.3d at 196. The video evidence at hand was also sponsored by the officer who handled the informant's purchase of the drugs. The only significant fact present in *Watson* not present here is that, in *Watson*, law enforcement officers subsequently executed a search warrant and thus were able to testify that the interior of the residence shown on the video matched the interior of the residence they themselves observed when executing the search warrant.

Ashmore testified that, as a narcotics investigator, he commonly used confidential informants to buy illegal drugs and thereby built prosecutions against the sellers of such contraband. In December 2012, he recruited Boyd to purchase hydrocodone from Cain. Boyd had worked as a confidential informant for Ashmore many times over a period of years, and Ashmore

had found Boyd to be reliable. Boyd was paid $100.00 for the purchase at issue in this case. Boyd died about a year and a half before Cain's trial, and Boyd's unavailability to authenticate the video he recorded when buying the hydrocodone from Cain is key to this appeal.

Sergeant Ashmore testified that he had watched the video, that it was the same one[3] recorded on the camera worn by Boyd, that the video had not been "materially altered or changed in any way," that it was fair and accurate, that Ashmore was qualified to operate the recording system, and that the system was working properly on the date of the drug transaction between Boyd and Cain. Additionally, as can be seen from the video itself, the system recorded events continuously, from the time Ashmore narrated its beginning through Boyd's purchase from Cain and the final rendezvous with Ashmore.[4] Essentially these same circumstances were present in *Watson* and were part of that court's authentication analysis. *See id.* at 191–92. The video was sufficiently authenticated.

*(2)    The Chain of Custody of the Drugs Was Adequately Shown*

The bulk of Cain's briefing challenges the chain of custody of the contraband. Since Cain raised this issue at the suppression hearing, we will address it.

We agree with the *Watson* court's approach to the chain of custody argument. As the officer in *Watson* had done, the officer here searched the person and vehicle of the confidential informant before sending him to Cain's home to buy drugs. Ashmore testified that no controlled

---

[3]Ashmore described his handling of the video recording. He downloaded the video recording from the camera worn by Boyd to his office computer and then transferred it electronically into a portable form to bring to trial.

[4]Cain complains that the video recording includes "periods where there was no video to be seen . . . ." At worst, there are very brief segments where the camera shows nothing but a bright or black screen.

4

substances were found in this search. The video of Boyd in Cain's home shows Cain putting something in a plastic bag, and Boyd handed Ashmore a plastic bag upon his return. Ashmore testified that the bag contained pills, which were submitted to the Texas Department of Public Safety (DPS) laboratory in Tyler. That laboratory reported that the pills weighed 19.83 grams and contained dihydrocodeineone[5] in a mixture qualifying as a Penalty Group 3 controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN.§ 481.104(a)(4) (West Supp. 2016). The forensic expert from the DPS laboratory brought the drugs and his report to trial. Chain of custody links may be proved with circumstantial evidence. *Bass v. State*, 830 S.W.2d 142, 146 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). There was evidence that Boyd did not have narcotics or drugs when he left Ashmore's company, since Ashmore searched Boyd and his car before he went to Cain's house. The video evidence shows Cain putting something in a plastic bag; there was movement between Boyd and Cain, where Cain turned to face Boyd and seemed to reach toward Boyd, suggesting Cain handed something to Boyd. Boyd was later seen on the video handing a plastic bag to Ashmore. Nothing on the video suggests that Boyd substituted any other substance at any time during the whole sequence.

Ashmore testified to his own subsequent acts, delivering the bag of pills to the laboratory. A unique identification number was used by the laboratory, and the sealed package was brought to trial by the forensic chemist. That witness broke the seal and opened the package, reportedly the first time it had been opened after the chemical testing. "The authentication requirement for admissibility is met once the State has shown the beginning and the end of the chain of custody,

---

[5]Dihydrocodeineone is a particular kind of, and is commonly referred to as, hydrocodone.

particularly when the chain ends at a laboratory." *Martinez v. State*, 186 S.W.3d 59, 62 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). As mentioned above, there is no suggestion or evidence here of fraud or tampering. *See Druery v. State*, 225 S.W.3d 491, 503 (Tex. Crim. App. 2007) ("Absent evidence of tampering or other fraud . . . problems in the chain of custody do not affect the admissibility of the evidence."). The chain of custody was sufficiently proven.

*(3) A Violation of the Confrontation Clause Was Not Adequately Briefed*

Only in the heading to Cain's first point of error is there any mention of the Confrontation Clause. Cain's actual briefing, however, addresses only the chain of custody of the drugs and authentication of the video discussed above. To the extent Cain's appeal intends to claim a Confrontation Clause violation, it is overruled as insufficiently briefed. *See* TEX. R. APP. P. 38.1(i).

*(4) Sufficient Evidence Supports Cain's Conviction*

Cain also asserts that, because Boyd was not present to testify, Ashmore could not adequately testify to actual delivery of the alleged contraband to Boyd. He posits that, therefore, the evidence was not sufficient to prove delivery of a controlled substance. We believe, however, that the evidence referenced in this opinion sufficiently supports the conviction.

Ashmore had worked many times with Boyd on successful controlled drug buys. Ashmore outfitted Boyd with a small video camera; he searched Boyd and his vehicle before the purchase from Cain and found no illegal drugs. He followed Boyd to Cain's house and saw Boyd go in the house. A short while later he saw Boyd emerge from the house, followed Boyd, and met him at the earlier location. At the latter meeting, Boyd produced a bag of pills which proved to be dihydrocodeineone. Ashmore sent the pills to a state laboratory where their chemical composition

6

was established.  On the evidence presented at trial, a rational jury could have found all the elements of the charged offense beyond a reasonable doubt.  The evidence was sufficient to support the jury's verdict.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     July 22, 2016
Date Decided:       August 18, 2016

Publish